STATE, EX REL. CHARLES F. RUH, v. FREDERICK FRAMBACH, JR.

1. The duties of a justice of the Supreme Court, under the act of March 11th, 1880, in conducting a recount of votes cast for member of assembly, are merely ministerial.
2. He has no right to take evidence to determine if the ballot-boxes have been tampered with, but has power only to count the votes he finds in the boxes, to ascertain who received a majority of votes cast.
3. The Supreme Court has not power to review the action of the justice who makes the recount of votes for member of assembly.

---

On petition for writ of prohibition.

Ruh v. Frambach.

Argued at November Term, 1884, before Justices DEPUE, SCUDDER and PARKER.

For the petitioner, *Gilbert Collins.*

For Frambach, *A. Q. Garretson.*

The opinion of the court was delivered by

PARKER, J. A petition was presented to this court by Charles F. Ruh, setting forth that at the last general election for members of assembly in this state, the petitioner and Frederick Frambach, Jr., were candidates for the office of member of assembly in the tenth assembly district of the county of Hudson; that the board of county canvassers of said county declared the petitioner elected to said office, and on the 8th day of November, 1884, delivered to petitioner a certificate of such election; that on the 12th day of November, 1884, one of the justices of the Supreme Court of this state made an order directing a recount of the votes cast for member of assembly from said district, at a time and place therein named, and that petitioner and his counsel attended at the time and place designated for such recount; that said justice proceeded with the recount, and at the conclusion thereof announced his intention to revoke the certificate of election which had already been issued to the petitioner, and to order issued in its place another certificate, to said Frederich Frambach, Jr., of his election to said office.

The petition states several reasons why the petitioner claims that said justice erred in the recount of votes, and complains because the said justice refused to take evidence and inquire whether one of the ballot-boxes had not been tampered with since the day of the general election. The petition concludes by praying this court to grant a writ of prohibition or a rule to show cause why a writ of prohibition should not issue, directed to said justice, prohibiting him from revoking the certificate of election which had been issued to the petitioner, and from ordering a certificate to be given to said Frederick Fram-

bach, Jr., of his election as a member of assembly from the tenth district of the county of Hudson.

The law under which the justice proceeded in ordering and conducting the recount in this case was passed on the 11th day of March, 1880. This law provides that whenever any candidate at any election in this state for member of the senate or member of the assembly shall have reason to believe that an error has been made in any board of election or of canvassers, in counting the vote or declaring the result of such election, whereby the result of such election has been changed, such candidate may apply to any justice of the Supreme Court, who is authorized to order and cause a recount of the votes, and if it shall appear, upon such recount of the ballots cast, that an error has been made sufficient to change the result of such election as declared by the board of canvassers, then such justice of the Supreme Court shall be empowered to revoke the certificate of election already issued and order to be issued in its place another certificate, to the person who shall be found by such recount to have received a majority of the votes cast.

It was found that in the haste usually attending the counting of votes on the night of election by inexperienced election officers, errors frequently occurred, and this law was passed to provide for a careful recounting under the direction of a justice of the Supreme Court, not to ascertain and decide finally who had been elected, but who was entitled to the certificate of election. The certificate of election presented to the house is *prima facie* evidence of the right of the person holding it. The person producing the certificate issued by authority of the officer or officers authorized by law to give the credentials is permitted, in the first instance, to take his seat in the body. Previous to the law of 1880, the certificate of election made by the board of county canvassers seated the holder and cast the burthen of a contest on the candidate who disputed his election. Now, the certificate of the county canvassers may be revoked and a new certificate ordered to be issued, by a justice of the Supreme Court, when he finds, upon

a recount of the ballots cast, that an error has been made in the original count sufficient to change the result of the election. The legislature have the power to determine the source from which the certificate of election shall issue, but the house of assembly being by the constitution the judge of the election of its own members, can go behind the certificate whether issued by a board of canvassers or by order of a justice of the Supreme Court, and finally decide who is entitled to the seat. The result of a recount cannot take from the house the constitutional right of seating the member in fact elected, although, as in this case, it may reverse the position of sitting member and contestant. The legislature could not invest a justice of the Supreme Court with the power of determining the election of a member of assembly. The duties of the justice who makes the recount under the law are only ministerial. He has no right to take evidence for the purpose of determining whether the ballot-boxes have been tampered with. He has authority merely to count the ballots he finds in the boxes for the purpose of ascertaining who has a majority of the votes cast.

There is no power given to the Supreme Court to review the action of the justice who makes the recount. The law in question does not give such power. If the justice has not made the recount correctly, or if there has been tampering with the ballot-boxes, the house of assembly alone (if there be a contest) can go behind the certificate ordered by the justice and seat the member found by the house to have been elected.

The motion of relator is refused.